State vs. Quaid.

No. 10,642.

THE STATE OF LOUISIANA VS. THOMAS QUAID.

The game ordinarily known and designated as pin-pool is not a gambling game in the sense of the Constitution and the law; and a city ordinance denouncing it as such is illegal.

APPEAL from the First Recorder's Court of New Orleans. Murphy, J.

Carleton Hunt, City Attorney, and Henry Renshaw, Assistant City Attorney, for Plaintiff and Appellee.

Buck, Dinkelspiel & Hart for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J. The defendant is appellant from five different convictions and sentences to pay fines for alleged violations of City Ordinance 4034, Council Series, which denounces, as an offense, "gambling with dice, cards, or other means," or "keeping a banking game, or gambling house."

The charge made in each of the several cases is as follows, viz.:

"That Thomas Quaid did then and there violate Ordinance 4034, C. S., by keeping a gambling game known as pin-pool, upon which money is bet; said gambling game being played in the above-mentioned house," etc.

The contention and answer of the defendant are that "pin-pool is not a gambling game, and therefore (it) is not in the contemplation of (said) ordinance; and, in the alternative, it is alleged that, if said ordinance was intended to embrace the game of pin-pool (it) is illegal, null and void; that the business of keeping a "pool table is recognized as legal, by the State and city, which impose licenses on same; and that these licenses were paid by defendant."

The proof shows that the game of pin-pool is played on a table, on which five pins are set in a small square, one being in the centre of the square, and each pin being numbered from one to five, respectively. The game is played by a number of persons, each one of whom uses a cue and balls, whereby the pins are knocked down, and the player is credited on his score with the respective numbers

State vs. Quaid.

of the pins thus knocked down.   At the beginning of the game the·
gamekeeper puts a number of marbles in a leathern bottle, on each
one of which is a number printed, and, after thoroughly shaking it·
up, he casts one to each of the players.   These balls indicate the
order of preference among the players, and each one is entitled to·
credit on his score for the number marked on his ball.   When, in
the progress of the game, one of the players makes a total score of
the *precise* number. fixed as the winning number, he is entitled to the
pool, and it consists of the total amount the players contributed
thereto.

The proprietor of the establishment furnishes the entire parapher-
nalia, and charges so much per game, according to the number of
players, and, as soon as the game has been completed, he deducts.
same from the pool and the residue goes to the winner.

The players very frequently venture bets on the result of the game,
but that is entirely *optional with them*.   In such bets the proprietor
has no interest and assumes no risk whatever.   It matters not, so
far as he is concerned, what the amount or number of the bets may
be, the proprietor gets no more nor receives any less a consideration
for the game.

The theory of the game is that the proprietor simply charges for·
the *use of the table and appliances*, and it is of no consequence to
him whether one or all the players pay for it, or whether the players.
contribute ratably in money in advance, or agree ₁that the fee be
paid out of the pool by the winner.   All of these things are purely
*conventional*, and as agreed upon by the parties at the commence-
ment of the game.

This game is not in any correct sense a gambling game, such as is.
denounced in the Constitution and laws. If the argument and reason-
ing on the subject needed reinforcement, the necessary aid would be
supplied by the acts of the state and city, in demanding of and re-
ceiving from the defendant licenses for the prosecution of this busi-
ness.

The "keeping of a gambling game" in the sense of the law, is.
such as "implies loss or gain between parties" who are participat-
ing in the game.   But the defendant, as proprietor, is not a participant
in the losses or gains incident to the result of the game.

That the players did engage occasionally in betting on the game,.
did not constitute it a gambling game.   On the contrary, it is ex-·

clusively a game of skill, and does not contain any element of chance.

The ordinance in question does not rightfully apply to or legally embrace the game of pin-pool, and the convictions and sentences of the defendant were illegal.

It is, therefore, ordered and decreed that the judgments and sentences appealed from be annulled and set aside; and it is further ordered and decreed that the various proceedings and prosecutions against the defendant be abated and discontinued, and that he be relieved from the payment of cost.